# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAY GRIFFIN, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-16-438-JHP-SPS |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration,[1] | ) |
| | ) |
|        Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Ray Griffin requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born December 5, 1962, and was fifty-two years old at the time of the administrative hearing (Tr. 37, 43). He completed the twelfth grade, and has worked as a roustabout, material handler, derrick hand, and roughneck (Tr. 24, 253). The claimant alleges that he has been unable to work since August 15, 2012, due to chronic pain, hip pain, back pain, short term memory loss, leg pain, and tinnitus (Tr. 252).

## Procedural History

On February 1, 2013, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Michael Harris held an administrative hearing and determined that the claimant was not disabled in a written opinion dated February 5, 2015 (Tr. 15-25). The Appeals Council denied review; thus, the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), but that he could

understand, remember, and carry out simple instructions; relate to others on a superficial work basis; and he can adapt to a work situation (Tr. 19). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work in the economy he could perform, *i. e.*, sub assembler or electrical equipment, assembler of small products II, and press operator (Tr. 23-25).

## Review

The claimant contends that the ALJ erred by: (i) stating that the claimant's anxiety both was and was not a severe impairment, (ii) failing to assign weight to the opinions of the state reviewing physicians, (iii) failing to include postural limitations related to his physical impairment, (iv) failing to properly account for his severe mental impairment, (v) failing to consider the cumulative effects of his impairments, and (vi) failing to account for evidence from his Licensed Clinical Social Worker. The undersigned Magistrate Judge agrees with the claimant's fourth and sixth contentions related to assessing the claimant's RFC, and the decision of the Commissioner should therefore be reversed and the case remanded for further proceedings.

The ALJ found that the claimant had the severe impairments of anxiety disorder and degenerative disc disease, then stated that the claimant's anxiety and substance addiction disorder, as well as his hypothyroidism, were nonsevere (Tr. 17-18). The relevant medical evidence reveals that the claimant's treating physician treated him for anxiety, and although it improved with medication, he was still noted to have emotional lability (Tr. 355, 424). Treatment notes from the VA indicate that the claimant struggled with depression and anxiety, reporting depression at an eight on a ten-point scale and

-4-

anxiety at a nine on a ten-point scale, and that he continued to be treated for anxiety and depression with counseling and medication management (Tr. 374, 382, 411, 455). On February 7, 2013, the claimant was seen for a therapy session at the VA and it was noted that he appeared to be struggling with depression and anxiety (Tr. 474). On February 11, 2013, the claimant was admitted to the VA hospital following a report of suicidal ideation (Tr. 451). Upon discharge ten days later, he was given a diagnosis of bipolar disorder II, most recent episode hypomanic, along with amphetamine dependence in remission and cannabis dependence (Tr. 451).

In June 2013, the claimant was admitted to Red Rock Behavioral Health Services for inpatient treatment for six days, again with suicidal ideation but no active thoughts (Tr. 523). His sleep had decreased and his speech was pressured, and he was stabilized on medications then discharged (Tr. 523). He was again admitted to Red Rock in October 2013, reporting panic attacks, poor sleep, and continued anxiety during treatment (Tr. 535, 544).

During this time, the claimant also began receiving outpatient treatment through Mental Health Services of Southern Oklahoma (MHSSO), where he was assessed with major depressive disorder, recurrent episode-severe, without mention of psychotic behavior (Tr. 602). On July and August 2014, the claimant reported a decrease in symptoms, but still had continued racing thoughts, was slightly delusional, and had paranoia daily (Tr. 608, 663).

On August 26, 2013, Jeremy P. Elledge, LCSW, who worked at MHSSO and is a trauma specialist, completed a letter stating that the claimant had been receiving

treatment services for several months, for his diagnoses of major depressive disorder and related to post-traumatic stress (Tr. 319). Mr. Elledge stated that the claimant had been "clinically observed to be quite severely limited in his functioning by these conditions, which have appeared to be debilitating at times" (Tr. 319). He noted that the claimant had attended all scheduled sessions with good motivation, "despite ongoing struggles" related to his "significant mental health conditions" (Tr. 319). This letter was, for unidentified reasons, included as part of the background and briefing section of the transcript rather than the medical evidence (Tr. 319).

On August 29, 2013, state reviewing physician Carol Mahoney, Ph.D., found that the claimant was moderately limited in the typical three areas of ability to understand and remember detailed instructions, carry out detailed instructions, and ability to interact appropriately with the general public (Tr. 104-105). She then concluded that the claimant could perform simple and some complex tasks, relate to others on a superficial work basis, and adapt to a work situation (Tr. 105).

In his written opinion, the ALJ summarized the claimant's hearing testimony, as well as the medical evidence in the record. As to his mental impairments, the ALJ specifically noted the claimant's inpatient VA treatment as well as the treatment at Red Rock, but found that he was stabilized on medications (Tr. 19-20). He then summarized a couple of MHSSO treatment notes, as well as Dr. Mahoney's reviewing assessment findings (Tr. 20-21). He then determined that the claimant was not credible, and ultimately concluded that he was not disabled (Tr. 23, 25).

As an initial matter, the undersigned Magistrate Judge notes that although the ALJ *did* include some limitations related to the claimant's "mental impairments" in the RFC, the ALJ has connected no evidence in the record to instruct this Court as to how such a limitation accounts for the claimant's severe mental impairment of an anxiety disorder. In fact, the ALJ seemed to question the severity of the claimant's mental impairment even at step four, where he largely focused on records noting that the claimant's anxiety had "stabilized." Such records do not account for the repeated inpatient treatments in 2013, nor the symptoms that remained even after the claimant was reported to be stabilized. *See Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five."); *Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two. He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work.").

Furthermore, the ALJ failed to at all account for Mr. Elledge's opinion provided on August 26, 2013, in which he noted that the claimant was clinically observed to be severely limited in his functioning as a result of his conditions that included major depressive disorder and PTSD, and that such limitations were debilitating at times. Social Security regulations provide for the proper consideration of "other source" opinions such as those provided by Mr. Elledge herein. *See, e. g., Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (noting that other source opinions should be evaluated

with the relevant evidence "on key issues such as impairment severity and functional effects" under the factors in 20 C.F.R. §§ 404.1527, 416.927), *quoting* Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *3, *6 (Aug. 9, 2006) ("[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."). The factors for evaluating opinion evidence from "other sources," are similar to a treating physician analysis but set out separately and include: (i) the length of the relationship and frequency of contact; (ii) whether the opinion is consistent with other evidence; (iii) the extent the source provides relevant supporting evidence; (iv) how well the source's opinion is explained; (v) whether claimant's impairment is related to a source's specialty or area of expertise; and (vi) any other supporting or refuting factors. *See* Soc. Sec. Rul. 06-03p, at *4-5; 20 C.F.R. § 404.1527(d). *See also Anderson v. Astrue*, 319 Fed. Appx. 712, 718 (10th Cir. 2009) ("Although the ALJ's decision need not include an *explicit discussion* of each factor, the record must reflect that the ALJ *considered* every factor in the weight calculation.") [emphasis in original] [internal citations omitted]. Here, the ALJ failed to even note the letter, much less provide the appropriate analysis to one of the few *treating* providers who opined regarding the claimant's functional limitations. *See, e. g., Clifton*, 79 F.3d at 1010 ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.") *citing Vincent ex rel. Vincent v. Heckler*,

739 F.3d 1393, 1394-1395 (9th Cir. 1984).  Because this is a significant misunderstanding with regard to the evidence and directly relates to findings regarding the claimant's RFC, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis.

Because the ALJ failed to properly assess the claimant's RFC, the Commissioner's decision should be reversed and the case remanded to the ALJ for further analysis of *all* the evidence related to the claimant's impairments.  If such analysis on remand results in any adjustment to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence.  Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* Fed. R. Civ. P. 72(b).

**DATED** this 9th day of February, 2018.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**