# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAY GRIFFIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-16-438-JHP-SPS ) |
| COMISSIONER of the Social Security Administration, | ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

The Plaintiff Ray Griffin appealed the denial of his request for benefits by the Commissioner of the Social Security Administration. The Court reversed the decision of the Commissioner and remanded the case to the Administrative Law Judge ("ALJ") for further proceedings. On remand, the Commissioner found the Plaintiff was disabled and awarded him $104,172.50 in past-due benefits, from which his appellate counsel now seeks attorney's fees pursuant to 42 U.S.C. § 406(b)(1). For the reasons set forth below, the undersigned Magistrate Judge recommends pursuant to 28 U.S.C. § 636(b)(1)(C) that the Plaintiff's Motion For Relief Pursuant to Fed. R. Civ. P. 60(b)(6) & Motion for Attorney Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum [Docket No. 26] be granted, and that $26,043.13 be awarded to the Plaintiff's attorney pursuant to 42 U.S.C. § 406(b)(1).

Section 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney,

the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"  This 25% limitation is determined irrespective of any fee awarded by the Commissioner for representation in administrative proceedings pursuant to 42 U.S.C. § 406(a).  *See Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("The Commissioner and court have the authority to independently determine the appropriate attorney fees.  Each has separate standards to make this determination and is only limited as provided by statute.  Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner.") [internal citations omitted].

    The undersigned Magistrate Judge first finds that this motion for attorney's fees is timely, *i. e.*, within thirty days of issuance by the Commissioner of the notice of award and thus "within a reasonable time" as required by Fed. R. Civ. P. 60, *see, e. g., Harbert v. Astrue*, 2010 WL 3238958, *slip op.* at *1 n. 4 (E.D. Okla. Aug. 16, 2010) ("[W]hile no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of appeal, lengthier delays will henceforth be closely scrutinized for reasonableness, including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel."); *see also McGraw v. Barnhart*, 450 F.3d 493, 504, 505 (10th Cir. 2006) ("Section 406(b) itself does not contain a time limit for fee requests . . . We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking

a § 406(b)(1) fee award."); Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]"), and the request does not exceed 25% of the past due benefits, *i. e.*, the request is for $26,043.13, which is exactly 25% of the past-due benefits in accordance with the agreement between the Plaintiff and his attorney.  The undersigned Magistrate Judge therefore need only consider the reasonableness of the amount requested. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").  Factors to consider include: (i) the character of the representation and results achieved, (ii) whether any dilatory conduct might allow attorneys to "profit from the accumulation of benefits during the pendency of the case in court, and (iii) whether "the benefits are [so] large in comparison to the amount of time counsel spent on the case" that a windfall results, *id.* at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) (reducing fees for substandard work); *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (same); *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (fees reduced when undue delay increases past-due benefits or fee is unconscionable in light of the work performed); *Wells v. Sullivan,* 907 F. 2d 367, 372 (2nd Cir. 1990) (court should consider "whether the requested amount is so large as to be a windfall to the attorney"), and contemporaneous billing records may be considered in determining reasonableness. *See Gisbrecht*, 535 U.S. at 808 ("[T]he court may require the claimant's attorney to submit, not as a basis for satellite

litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases."), *citing Rodriguez*, 865 F.2d at 741.

Based on the factors enunciated in *Gisbrecht*, the undersigned Magistrate Judge concludes that $26,043.13 is a reasonable amount of attorney's fees for the work done in this case. First, the attorney ably represented the Plaintiff in his appeal to this Court and obtained excellent results on his behalf, *i. e.*, a reversal of the Commissioner's decision denying benefits and remand for further consideration. The Plaintiff's success on appeal enabled him not only to prevail in his quest for social security benefits, but also to obtain a total of $5,500.00 in attorney's fees as the prevailing party on appeal under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *See* Docket No. 25. This will essentially reduce any amount awarded from his past-due benefits under Section 406(b). Second, there is no evidence the attorneys caused any unnecessary delay in the proceedings. Third, the requested fee does not result in any windfall to the Plaintiff's attorney, who spent a total of 34.5 hours of attorney work on his appeal. *See* Docket No. 26, Ex. 3. This would equate to a rate of $754.87 per hour for attorney time, which is not excessive given that the fee was contingent and the risk of loss was not negligible. *See, e. g.*, *Nave v. Barnhart*, 2003 WL 22300178, at *2 (D. Kan. Oct. 7, 2003) ("[T]he typical number of hours claimed in EAJA applications in 'straightforward' disability cases is between thirty and forty[;]" collecting cases). The undersigned Magistrate Judge therefore finds that the requested fee of $26,043.13 is reasonable within the guidelines set by *Gisbrecht*.

It appears from the record that the Commissioner retains sufficient funds to pay the $26,043.13 awarded to the Attorney herein under Section 406(b)(1), *i. e.*, $26,043.13 was withheld from Plaintiff's past-due benefits.  But if for any reason the Commissioner does not have sufficient funds on hand, the Plaintiff's attorney must recover any balance due from the Plaintiff himself, not from his past-due benefits. *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference.").  Nevertheless, because the $26,043.13 awarded herein pursuant to 42 U.S.C. § 406(b) exceeds the $5,500.00 previously awarded pursuant to the EAJA, the Plaintiff's attorney must refund the latter amount to the Plaintiff.  *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986).

Accordingly, the undersigned Magistrate Judge hereby PROPOSES the findings set forth above and RECOMMENDS that Plaintiff's Motion For Relief Pursuant to Fed. R. Civ. P. 60(b)(6) & Motion for Attorney Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum [Docket No. 26] be GRANTED, and that the Court award attorney's fees in the amount of $26,043.13 pursuant to 42 U.S.C. § 406(b)(1).  Any objection to this Report and Recommendation must be filed within fourteen days.  *See* Federal R. Civ. P. 72(b)(2).

**IT IS SO ORDERED** this 10th day of June, 2019.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma